IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.                                       Criminal No. 3:08cr325

ANTHONY JERMART MIFFIN

**MEMORANDUM OPINION**

Anthony Jermart Miffin, proceeding pro se, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion"). (Docket No. 145.) Miffin contends that he received ineffective assistance of counsel[1] in conjunction with his guilty plea. Miffin claims counsel failed to adequately advise Miffin regarding his potential sentence. Specifically, Miffin claims, "At the time of sentencing, counsel knew that Miffin['s] sentences could not be made to run entirely concurrent. . . . If counsel had advised Miffin of the punishment he could have received, Miffin would have taken his case to trial." (Br. Supp. § 2255 Mot. (Docket No. 147) 3.) Additionally, Miffin asserts, "Counsel had Miffin sign an agreement for eleven (11) years." (Id. at 2.) The Government has moved to dismiss on the grounds that, inter alia, Miffin's

---

[1] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

claim lacks merit.[2] Miffin has responded. For the reasons set forth below, the Motion to Dismiss (Docket No. 149) will be granted.

## I. PROCEDURAL HISTORY

On July 10, 2008, a grand jury charged Miffin with conspiracy to possess with intent to distribute and to distribute fifty (50) grams or more of cocaine base. On October 31, 2008, Miffin entered into a plea agreement and pled guilty to the above charge.

The Plea Agreement stated, "The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence." (Plea Agreement ¶ 5.) During his Rule 11 proceedings, Miffin acknowledged that by pleading guilty he faced a sentence of imprisonment between ten years and life. (Oct. 31, 2008 Tr. 6.) Additionally, Miffin represented that there had not "been any different or additional promise or even a threat to get [him] to plead guilty other than what's written in the agreement itself." (Oct. 31, 2008 Tr. 13.) Miffin then acknowledged that the Plea Agreement did not provide

---

[2] The Government also argued the statute of limitations barred Miffin's § 2255 Motion. That argument, however, is based on the incorrect premise that Miffin did not pursue a direct appeal.

2

for an exact sentence. (Oct. 31, 2008 Tr. 13.) Miffin admitted that he understood that "the Court has the power to impose any sentence within the statutory maximum." (Oct. 31, 2008 Tr. 11.) Miffin further acknowledged that he could not rely upon any estimate provided by counsel as to his possible sentence because such advice is "only . . . a prediction." (Oct. 31, 2008 Tr. 16-17.)

At the sentencing hearing on February 27, 2009, the Court sentenced Miffin to 235 months of imprisonment. After hearing argument from defense counsel, the Court agreed to run the above sentence concurrently with the state sentence Miffin was serving. The Court explained,

> And I think the appropriate sentence is this case can be fashioned as a variance sentence, and so what I want to do to and to make sure I do [it] correctly is to impose a sentence of 235 months to run concurrently with the state sentence. The net result would be that his aggregate punishment on this offense would be 188 months because 47 months of this term would run concurrently with . . . . the undischarged state sentence.

(Feb. 27, 2009 Tr. 26-27.)

On March 9, 2009, Miffin filed a notice of appeal. (Docket No. 133.) On October 9, 2009, the United States Court of Appeals for the Fourth Circuit dismissed Miffin's appeal because Miffin had waived his right to appeal as part of the Plea

Agreement. <u>United States v. Miffin</u>, No. 09-4237, at 1-2 (4th Cir. Oct. 9, 2009).

## II. ANALYSIS

To demonstrate ineffective assistance of counsel, a defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of <u>Strickland</u>, the defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" <u>Burch v. Corcoran</u>, 273 F.3d 577, 588 (4th Cir. 2001) (quoting <u>Strickland</u>, 466 U.S. at 689). The prejudice component requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. <u>Id.</u> at 697.

In the context of a guilty plea, the Supreme Court has modified this second prong of Strickland to require the defendant to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Of course, in conducting the foregoing inquiry, the representations of the defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). In light of the strong presumption of verity that attaches to a petitioner's declarations during his plea proceedings, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (citations omitted). Thus, the United States Court of Appeals for the Fourth Circuit has admonished that "[i]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing,

dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Id. at 221-22.[3]

Miffin asserts, "If counsel had advised Miffin of the punishment he could have received, Miffin would have taken his case to trial." (Br. Supp. § 2255 Mot. 3.)[4] As explained below, Miffin's representations during his Rule 11 proceedings foreclose Miffin's claim that, but for the incomplete or inaccurate advice from counsel, Miffin would not have pled guilty. See United States v. Akinsade, 686 F.3d 248, 253 (4th Cir. 2012) (citing cases for the proposition that "[a] defendant may be unable to show prejudice if at the Rule 11 proceeding the district court provides an admonishment that corrects the misadvice and the defendant expresses that he understands the admonishment.").

---

[3] For example, Miffin asserts that "[c]ounsel had Miffin sign an agreement for eleven (11) years." (Br. Supp. § 2255 Mot. 2.) Such an assertion is "'palpably incredible' and 'patently frivolous or false'" given the record of Miffin's plea proceedings which reflect that no promises or guarantees existed as to Miffin's sentence. Lemaster, 403 F.3d at 221 (citations omitted).

[4] Miffin complains, "Counsel never explain to Miffin that if he signed the agreement, he would not only received [sic] more time, but would also be labeled a career offender." (Br. Supp. § 2255 Mot. 2.) Although not entirely clear, Miffin appears to suggest that he did not think his guilty plea would result in any additional period of incarceration because the new federal sentence would run concurrently with the state sentence he was serving. (Id. at 3 ("At the time of sentencing, counsel knew that Miffin['s] sentences could not be made to run entirely concurrent.").)

6

Miffin pled guilty with full knowledge of his potential sentence. During his Rule 11 colloquy, Miffin acknowledged that he faced a sentence of between ten years and life. (Plea Agreement ¶ 1; Oct. 31, 2008 Tr. 6.) Miffin admitted that he understood that "the Court has the power to impose any sentence within the statutory maximum." (Oct. 31, 2008 Tr. 11.) Miffin represented that there had not "been any different or additional promise or even a threat to get [him] to plead guilty other than what's written in the agreement itself." (Oct. 31, 2008 Tr. 13.)

Miffin also acknowledged that the Plea Agreement did not provide for an exact sentence. (Oct. 31, 2008 Tr. 13.) Miffin further acknowledged that he could not rely upon any estimate provided by counsel as to his possible sentence because counsel's advice was "only . . . a prediction." (Oct. 31, 2008 Tr. 16-17.) Because the Court properly informed Miffin of the potential sentence he faced and that he could not rely upon any estimate provided by counsel, Miffin cannot demonstrate prejudice flowing from any misinformation, or lack of information, from his counsel with respect to his sentence. See United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995). Accordingly, Miffin's claim will be dismissed. Miffin's § 2255

Motion (Docket No. 145) will be denied. The action will be dismissed.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Miffin has not satisfied this standard. Accordingly, the Court will deny a certificate of appealability.

The Clerk is directed to send a copy of the Memorandum Opinion to Miffin and counsel of record.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: October 5, 2012
Richmond, Virginia